UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **4:CR-16-76-02** |
| v. | : | |
| | : | **(JUDGE MANNION)** |
| **SAMUEL DARIUS WOODLYN,** | : | |
| Defendant | : | |

### **MEMORANDUM**

Defendant filed a document designated as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, which was docketed as a motion to vacate pursuant to 28 U.S.C. §2255. (Doc. 156). The government was directed to and, in fact, filed a response to the defendant's petition. (Doc. 168). Because the defendant's motion is styled as a §2241 habeas corpus petition, but is subject to recharacterization as a §2255 motion, by order dated February 5, 2021, the court provided the defendant with notice of the effect his pleading will have on his ability to raise any additional claims in the future pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999). (Doc. 188). The order directed the defendant to advise the court within 45 days as to how he wished the court to construe his filing. He was advised that his failure to do so would result in the court ruling on his filing as captioned, i.e.,

as a §2241 motion. As of the date of this order, the defendant has failed to respond to the court's order.

The relevant background is as follows:

> On October 26, 2016, Woodlyn pled guilty to Count One of the indictment charging him with conspiracy to distribute and possess with intent to distribute 100 grams, or more, of heroin. Doc. 98. On April 5, 2017, the Court sentenced Woodlyn to 144 months in prison, a 4-year term of supervised release, no fine, and a special assessment of $100. Doc. 145.
> In sentencing Woodlyn, the Court considered and overruled objections to the presentence report presented by defense counsel concerning Woodlyn's criminal history. PSR Addendum. The Court also considered sentencing memoranda filed by counsel on Woodlyn's behalf seeking a variance from the career offender imprisonment range of 188 to 235 months. PSR Addendum. Doc. 135; 136; 137.
> Almost a year after the judgment of conviction and sentence was entered, on April 2, 2018, Woodlyn filed an untimely *pro se* notice of appeal in which he challenged application of the career offender guideline under *United States v. Mathis*, 136 S.Ct. 2243 (2016). Doc. 154. The Court of Appeals appointed counsel to represent Woodlyn. *United States v. Woodlyn*, Appeal no., 18-1747. Doc. 03113075400. Prior to briefing, on January 14, 2019, Woodlyn consented to the voluntary dismissal of the appeal. Id. Doc. 003113133222.

(Doc. 168, pp. 1-2).

Defendant filed the instant action pursuant to 28 U.S.C. §2241 in which he challenges the application of the career offender guideline. Defendant raises three grounds for relief: the first two argue that his prior convictions did not qualify him as a career offender under *Mathis* and that he should be resentenced without the career offender enhancement, and the third argues

that his counsel was ineffective for not challenging the career offender enhancement under *Mathis*. As indicated, defendant was advised that his failure to inform the court of the manner in which he wanted his filing construed would result in his petition being construed as captioned, i.e. as a §2241 petition.

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a §2255 motion. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir.1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a §2255 motion. *See United States v. Miller*, 197 F.3d 644, 648 n. 2 (3d Cir. 1999). Here, petitioner is clearly challenging his sentence. Thus, his proper avenue of relief is a §2255 motion.

A defendant can pursue a §2241 petition only when he shows that the remedy under §2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255 ¶ 5; *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness of §2255 must be a "limitation of scope or procedure . . . prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538

(3d Cir. 2002) (*per curiam*)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." *Cradle*, 290 F.3d at 538 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C.Cir.1986)); *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("A prior unsuccessful §2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make §2255 inadequate or ineffective."). The defendant has the burden of proving that §2255 would be inadequate or an ineffective remedy. *Reyes–Reguena vs. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (citing *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)).

Section 2241 should not be used as a way of evading the gatekeeping requirements of §2255. *Brown v. Mendez*, 167 F.Supp.2d 723, 727 (M.D.Pa. 2001). If a defendant improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

There is nothing in the defendant's filing that demonstrates that he is entitled to resort to seeking habeas relief under 28 U.S.C. §2241 on the grounds that a motion under 28 U.S.C. §2255 would be ineffective or inadequate. Sentencing enhancement challenges are insufficient to invoke §2241. *See Cradle*, 290 F.3d at 538-39. In *Dorsainvil*, the Third Circuit held that §2241 relief is available where a subsequent statutory interpretation

renders a petitioner's conduct of conviction no longer criminal. *Dorsainvil*, 119 F.3d at 251-52; *also Okereke*, 307 F.3d at 120 (holding that relief under §2241 is only available in "rare situations" where the crime of conviction is later deemed non-criminal). Section 2241 is not available for intervening changes in the law of sentencing. *Id*. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, §2241 offers no remedy. *See Okereke*, 307 F.3d at 120.

Here, defendant does not argue that the crime for which he was convicted has been rendered non-criminal. Rather, he contends that his sentence was improperly enhanced based on his career offender status. Accordingly, the limited *Dorsainvil* exception is inapplicable, and §2241 relief is not available. *See Okereke*, 307 F.3d at 120 (distinguishing *Dorsainvil* and dismissing habeas petition for lack of jurisdiction when subsequent statutory interpretation altered an element of sentencing but not the petitioner's conviction). Petitioner has thus failed to show that §2255 is inadequate or ineffective to challenge his detention, and his petition pursuant to §2241 is subject to dismissal for lack of jurisdiction.

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's

- 6 -

disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir.2000) (*en banc*) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by Gonzalez v. Thaler*, ——U.S. ——, ——, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); *Kornegay v. Ebbert*, 502 Fed.Appx. 131, 133 (3d Cir. 2012). Thus, the Court need not address this issue in the current action.

    An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 10, 2021**
CR-16-76-02 sdw